**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN KEITH HICKS,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>STATE OF WASHINGTON; ANGIE NELSON, in either her personal or professional capacity; THURSTON COUNTY FAMILY COURT,<br><br>    Defendants - Appellees. | No. 25-2742<br><br>D.C. No. 3:24-cv-05607-JNW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Stephen Keith Hicks appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from state family court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Miroth v. County of Trinity*, 136 F.4th 1141, 1146 (9th Cir. 2025). We affirm.

The district court properly dismissed Hick's action as barred by the *Rooker-Feldman* doctrine because the claims are a "de facto appeal" of a state court decision or are "inextricably intertwined" with that decision. *Noel v. Hall*, 341 F.3d 1148, 1163-66 (9th Cir. 2013) (discussing proper application of the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Hick's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that dismissal without leave to amend is proper where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**